## BYBEE AND ANOTHER v. THE STATE.

1. On the trial of an indictment against B. and C. for murder, the defendants asked and obtained a severance. C. then moved the court to have B. first put upon his trial, and stated as his reason for so doing, that in case of the acquittal of B., he desired to use him as a witness on his (A.'s) trial. The court below overruled the motion and allowed the District Attorney to elect which he would try first. *Held*, not to be error; the State should not be compelled to separately try a defendant, merely for the reason that when acquitted he may be used as a witness to break down another case.

2. A defendant in a murder case cannot be convicted upon the confessions of a *particeps criminis*, alone and unsupported by other evidence.

3. It is the privilege of a defendant, being jointly tried with others, when there is little or no evidence against him, and he is willing to be tried on the evidence of the prosecution, to demand that the jury pass upon his case before the other defendants open their defense ; and in all such cases the jury should be charged by the court, and should consider of their verdict, in the same manner as if the case had no connection with any other. The record failing to show that the jury, in their deliberation on B.'s case, were properly instructed by the court, and the only evidence against him being the confession of his co-defendant C., this court reverses the judgment and remands the case.

APPEAL from Williamson. Tried below before the Hon. E. B. Turner.

The defendants in this case were jointly indicted by the grand jury of Williamson county for the murder of Thomas Gardiner.

At the March term of the court, 1872, the defendants applied for and obtained a severance. Defendant Cox then moved the court that the defendant Bybee be first placed upon his trial, and stated as his reason for doing so, that he wished to use the defendant Bybee, in case he was acquitted, as a witness on his, Cox's, trial. The court below overruled ·the motion, and the District Attorney elected to try Cox first. Defendant Cox then moved for a continuance on account of the absence of witnesses ; the court below overruled his motion, whereupon the defend-

ants waived their severance and elected to be tried jointly, and the case proceeded to trial. After the evidence on part of the State had all been introduced, defendant Bybee asked that the jury be allowed to retire and consider of his case, which was accordingly done, and a verdict of guilty returned by the jury, and his punishment assessed at twenty years' confinement in the State penitentiary. The case was then continued, and the defendant Cox was also convicted and sentenced to thirty years' imprisonment in the penitentiary. Whereupon, the defendants appealed.

*Long & Oatman*, for the appellants. Among the most important duties of the government of a free State is that of framing a wise criminal code, and administering the same promptly and certainly, and at the same time with that enlightened discrimination which harmoniously tempers and mingles justice with moderation and mercy. In this particular part of the duties of government, perhaps, there is a stronger contrast between the present time and the recent past, that in any other. Yet there is room, no doubt, for still further progress towards that degree of perfection to which humanity may aspire.

The attention of the court is invited to the question in this case, whether the defendant Cox had a legal right to have his co-defendant Bybee first tried, and, if acquitted, to have the benefit of his evidence? This court will see that Cox presented an application for a severance, in which he stated this as his object, and that the court allowed his motion, but instantly defeated that object by ruling that Cox should be first tried. This appears to have been little short of absurd. Even if the action of the court on these points was a matter of discretion, as at common law, it was an unwise or unreasonable exercise of that discretion, to grant the severance on the grounds stated in the application, and then instantly to defeat the object by compelling Cox to be first tried, when it must be without the evidence for the sake of which the severance had been asked and granted.

We have found no case in our reports exactly in point in all respects, but we submit that the principle involved is laid down by this court in the case of Jones & Jones v. The State, 13 Texas Rep., 168. In this case two defendants were jointly indicted and arraigned upon a charge of homicide; one of them applied for a severance and that the other be first tried, and if acquitted, that his evidence might be used in defense of the other defendant. The court below refused this application, and the defendant appealed to this court, who awarded a new trial on account of this error.

From reading the case in 13 Texas Rep., referred to, it will be seen that the main difference between that and the case at bar consists in the fact that in the former one of the defendants thus jointly tried was acquitted, and the other convicted, and in the latter case both defendants were convicted. But on this point we call the especial attention of this court to the proposition, that the record makes it perfectly clear that defendant Bybee (whose evidence was desired by Cox) could not have been convicted if he had been tried separately. It is abundantly proven and not contradicted that a homicide was committed, but there was no witness to prove who were the guilty agents of the crime. The evidence of the State and of the defendants concur in making it quite probable that the defendants were, at the time fixed by the State's witnesses for the killing, at a different place, so as to establish what is called an *alibi*. But the State proved by one or two witnesses, that more than a year after the killing, defendant Cox, when drinking, in a crowd of drinking men, at night, on horseback, in the road, stated or confessed, in rather a boasting manner, that himself and Bybee did the killing, "that Bybee held his horse, while "he did the work." Although the court below properly charged the jury that this confession was not legal evidence against Bybee, and although there was not another word of evidence against him, the jury disregarded the charge of the court, and convicted both. And we may as well here at once mention, the verdict against Bybee was so flagrantly against

the charge of the court and unsupported by evidence, that there would seem to be no room to doubt that the court erred in refusing a new trial as to him. He was convicted by the force of this illegal evidence, which would not have been admissible at all, if he had been separately tried.

And as to Cox, it is also plain that had Bybee been tried separately he would have been acquitted, and thereby become a competent witness for Cox, whose affidavit fully sets forth the materiality of his evidence. And it will further appear from the affidavit of Cox, as to what Bybee could prove, that such evidence would have been entirely credible, because it would have been corroborated by all the other evidence on the fact, and in conflict with no other witness. Without here reciting, we beg this court to scrutinize the evidence on these facts, and see if these conclusions are not legitimate. We so regard them.

We submit then, upon the common law rule, as laid down in the case quoted from 13 Texas, above, that the discretionary power of the court was erroneously exercised, and that this court can lawfully revise and reverse the same for that error, independently of our statute, adopted since the decision of that case.

But we now beg to call attention to our code of criminal procedure, adopted in 1856, from which it will appear that this harsh rule of the ancient common law, of leaving so vital a matter to the discretion of any court, no matter how wise or discreet, has been changed, in the interest of enlightened humanity, and what was before a mere privilege to be granted upon favor or at discretion, has been accorded as a legal right, which may not be denied in any case to a defendant who claims it. It is believed that this provision in our code is substantially copied from the statutes of Virginia and Massachusetts. By our code (Paschal's Digest, Article 3052), it is enacted that, " where two or more defendants are jointly prosecuted, they " may sever on the trial at the request of either." This provision certainly gives a right to sever at the request of the party. In making this request to the court, it is proper and desirable

that the reason which induces the request should be stated, not that the court has any right to judge of its sufficiency, but to give the District Attorney as early notice as possible of the line of defense intended, that he may prepare to meet the same, as did defendant Cox in this instance.   But because the State has, in the first instance, the right to elect whether to indict jointly or separately, the statute does not extend this right of severance to the State, but yet the code also provides (Article 3054, Paschal's Digest), that " when it is apparent that there is no evi- " dence against a defendant, in any case where he is jointly " prosecuted with others, the jury may be directed to find a ver- " dict as to such defendant, and if they acquit, he may be intro- " duced as a witness in the case."

This clause fully exhibits the legislative will that co-defend- ants may be used as witnesses for or against each other on per fectly equal terms—for although there is no provision for the State to sever, after having elected to jointly try the defend- ants, still, if it shall afterwards appear to the court that one of the defendants is not guilty, and may have a knowledge of im- portant facts proper to be given in evidence, either for the State or the defendant, he may, in such a case, direct the jury to pass upon the case of such defendant, and if acquitted, then allow him to be sworn as a witness in the case.   The two sections construed together plainly show the legislative will, that in joint indictments all possible evidence shall be used.   If one guilty and one not guilty are jointly indicted, and the guilt of the one can only be established by the testimony of the other, in such a case there would be no motive for the defendants to sever, and thereby the guilty one would escape for the lack of the evidence against him of his innocent co-defendant.   And this shows that the rule to use the evidence of co-defendants for or against either party was intended.   The State having first elected to indict jointly, is not allowed, as a matter of right, to sever on the trial.   Yet, if in the course of the trial it shall become apparent that one of the defendants is not guilty, and is a good witness for the State, the court may direct a verdict

of acquittal, to allow the evidence of the party acquitted. Now, if this be the obvious intention of the Legislature, may it be frustrated by an arbitrary or capricious discretion, whereby the evidence of one of the defendants is suppressed, not because he is guilty, but because he has been falsely accused, possibly for the very purpose of suppressing his evidence? Such a construction of the statute, we submit, would be unreasonable and unjust. The rule of construing criminal statutes strictly, where they operate against defendants, and liberally where they operate in their favor, is as sound and well established as any rule in our criminal jurisprudence. Mr. Bishop (1 Crim. Law, Section 249) says: "If, however, the court entertains a reasonable "doubt concerning the meaning of a criminal statute, it will de- "cide, as we have already seen, in favor of the prisoner."

Now, in the case at bar, defendant Cox complains that he was virtually denied the right to have the evidence of his co-defendant, Bybee, in his favor, there being no legal evidence against said Bybee.

The principle for which we beg leave to contend is, that a sound and liberal construction of the two articles of our statute, above quoted, gives to defendant Cox the legal right to sever on his trial, so that he may use the evidence of his co-defendant Bybee in his own defense. If this was a right, then the court had no discretion as to granting it to him, and did commit an error when he allowed the severance, upon the sworn application, and then defeated its only object, by deciding that Cox should first be tried, whereby he must lose the benefit of the evidence for which the severance was asked.

But if it be said in reply to this view of the subject, that while it may be true that the statute has abolished the rule of discretion as to granting a severance, and that either defendant has that right, it has not expressly abolished the rule of discretion as to which of the defendants shall be first put upon trial. This is true; but we contend that a sound and liberal construction of the two sections of the statute, taken together, creates an implication to that effect too forcible to be mistaken, and

therefore demands that construction. To what purpose has the law given this important right, if in the same breath it allows the exercise of this right to be defeated in its only beneficial object by the prosecution? This would be little better than mere mockery, scarcely less absurd and cruel than the barbarous trial by ordeal of water, by which the accused, bound hand and foot, is plunged into deep water, and it is gravely decided that he is guilty and must be hanged if he does not drown; but if he expires by drowning, then his dead body is acquitted of all guilt.

We earnestly invoke the decision of this important question, not only for the sake of right and justice in this case, but for the government of District Courts in all other cases. Indeed, if the harsh, not to say absurd and inconsistent rule acted upon by the court below, is alone warranted by the existing law, the Legislature ought promptly to be appealed to for a change more consonant with reason and humanity. This court ought, we humbly suggest, to set its face, once for all, against arbitrary extra judicial discretions by any courts, and even if the matter here complained of is found to be a matter of discretion in the court below, to hold that it is a judicial discretion, which this appellate court can reverse and correct, if improperly or unreasonably exercised.

*Wm. Alexander, Attorney-General,* for the State. In the case of Johnson v. The State, 33 Texas R., 570, the right of the State to stop a trial in progress, where several defendants were jointly indicted, for the purpose of disposing of the case as to one of them, is fully recognized. Both the State and defendants cannot have the right of election. If the State had the right, during the trial, to take up and dispose of the case of one of the defendants, against the objection of the other, she must equally have had the right before the trial commenced, to select which one of the defendants shall be first tried.

The argument on the score of humanity may be urged, and the possibility that important evidence for the other defendants

may be suppressed, is admitted; but it is very questionable whether the public interest might not suffer to a far greater extent, by a change of the practice, now long settled and well understood, and whether the door to perjury and corruption might not thereby be opened, to the great contamination of the stream of justice.

WALKER, J.   On page 6 of the record in this case, is found the following : " This cause having heretofore been called for " trial, being still under consideration, and having been sus- " pended on account of the indisposition of jurors, and now " again resumed, comes now the defendants and move the court " to dismiss this cause as to the defendant William Bybee, for " causes to the court set out.   Thereupon, under instructions " from the court to inquire into the premises and evidence in " this behalf, as to the discharge of said defendant, the jury " retired to consider thereof, and returned into court, as the " result of their consideration, that they did not discharge said " defendant Bybee."   This is a very anomalous proceeding.

A motion is made to the court to discharge one of the defendants, " for causes to the court set out ; " and, thereupon, it would appear from the record, that, under instructions from the court, the jury take the matter under advisement, and return into court, as the result of their consideration, that they do not discharge the defendant Bybee.

The record contains nothing of the grounds of the motion, nor does it contain the instructions of the court, and our minds are left to conjecture how this part of the trial was conducted.

It appears that the defendants were indicted for the murder of Thomas Gardner.

The principal evidence for the State consisted in the confessions of Cox, which, under the circumstances, probably could not have been used against Bybee.   On the trial the defendants demanded a severance ; whereupon the court permitted the District Attorney to elect which of the two should be first tried, the defendant Cox claiming that his co-defendant, Bybee, should

be first tried, with a view to using his evidence on his own trial, in the event of an acquittal.

We think the ruling of the court was correct, on the ground that the State should not be compelled separately to try a defendant whose acquittal may depend upon technical grounds, merely for the reason, that, when acquitted, he may be used as a witness to break down another case; especially when the party to be tried is charged by him who would use his evidence with being alike guilty of the crime for which they are both indicted.

The ruling of the court could not injuriously affect Bybee, for, if there were no evidence against him other than Cox's confession, he could not be legally convicted, whether tried first or last, upon it alone; and the court probably judged wisely in determining that the question of Bybee's guilt or innocence not being affected by the event of Cox's trial, that he who had confessed his own guilt, and at the same time inculpated another, should be first tried.

But we think the judgment in this case must be reversed. In the case of Jones v. The State, 13 Texas, 168, the court lay down this principle: "Where two or more persons are jointly " indicted, and put upon their trial together, and there is little " or no evidence offered against one or more of the defendants, " and such one or more of the defendants may be willing to be " tried on the evidence of the prosecution, the jury should be " instructed to pass on their case before the other defendant or " defendants have opened their defense, so they shall not be " deprived of the evidence of co-defendants who are not incul- " pated by the State's evidence."

It may have been intended, in a measure, to follow this rule on the trial of the case at bar; but the record does not show that the rule was followed in strictness, and, if it were, the evidence against Bybee is not sufficient to support a verdict for murder.

After the defendants had withdrawn their motion for a severance, and elected to be jointly tried, they could at any

time after the State had closed its evidence, if there was little or no evidence against one or the other of them, have demanded that the jury should decide upon the case of such one of them ; and in all such cases the jury should be charged by the court, and they should consider of their verdict, in the same manner as if the case had no connection whatever with any other, and their verdict should be guilty or not guilty, as the case may be.

This record does not show that the jury, in their separate deliberation on Bybee's case, were properly instructed by the court ; and if they intended at that stage of the case to pass upon the question of Bybee's guilt or innocence, and their verdict is to be understood as a verdict of guilty, they should have said so, and the trial might then have proceeded against Cox alone.

For these reasons the judgment of the District Court is reversed, and the cause remanded.

Reversed and remanded.